

A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY: *Sandra S. Sheely*

DEPUTY CLERK

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**FILED**

**Jan 03, 2017**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**IN RE: LIPITOR (ATORVASTATIN CALCIUM)
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION (NO. II)**          MDL No. 2502

(SEE ATTACHED SCHEDULE)

**CONDITIONAL REMAND ORDER**

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings in the action(s) on this conditional remand order have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. § 1407(a), is appropriate.

IT IS THEREFORE ORDERED that the action(s) on this conditional remand order be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the <u>Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation</u>, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the District of South Carolina.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the District of South Carolina with a stipulation or designation of the contents of the record to be remanded.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

Dec 09, 2016

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: LIPITOR (ATORVASTATIN CALCIUM)**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION (NO. II)**                    MDL No. 2502

## SCHEDULE FOR CRO

| **TRANSFEREE** | | | **TRANSFEROR** | | | |
|---|---|---|---|---|---|---|
| **DIST** | **DIV.** | **C.A.NO.** | **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
| SC | 2 | 14−03235 | CAC | 2 | 14−03477 | Jewel Williams et al v. Pfizer Inc. et al |
| SC | 2 | 14−3173 | CAC | 2 | 14−05792 | Kim Collins et al v. Pfizer Inc. et al |
| SC | 2 | 14−03367 | CAC | 2 | 14−06226 | Linda Watson et al v. Pfizer Inc. et al |
| SC | 2 | 14−03592 | CAC | 2 | 14−06617 | Helen Elliott et al v. Pfizer Inc. et al |
| SC | 2 | 14−03894 | CAC | 2 | 14−07432 | Eliane Scott et al v. Pfizer Inc. et al |
| SC | 2 | 14−04060 | CAC | 2 | 14−07649 | Bradley et al v. Pfizer Inc. et al |
| SC | 2 | 14−04384 | CAC | 2 | 14−08261 | Granieta Johnson−Wilson et al v. Pfizer Inc. et al |
| SC | 2 | 15−02377 | CAC | 2 | 15−01638 | Robyn Whitney et al v. Pfizer Inc. et al |
| SC | 2 | 14−03232 | CAE | 2 | 14−00818 | Weaver v. Pfizer, Inc. et al |
| SC | 2 | 14−03239 | CAN | 3 | 14−01488 | Stark v. Pfizer et al |



RECEIVED
USDC CLERK, CHARLESTON, SC
2016 NOV 28  AM 8: 35

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | **MDL No. 2:14-mn-02502-RMG**<br><br>**CASE MANAGEMENT ORDER NO. 89**<br><br>**This Order relates to cases:** |

| | |
|---|---|
| 2:14-cv-03173 | 2:14-cv-03592 |
| 2:14-cv-03232 | 2:14-cv-03894 |
| 2:14-cv-03235 | 2:14-cv-04060 |
| 2:14-cv-03239 | 2:14-cv-04384 |
| 2:14-cv-03367 | 2:15-cv-02377 |

### Motions to Remand

For the reasons stated below, Plaintiffs' Motions to Remand (Dkt. Nos. 524, 593, 661, 909; Case No. 2:14-cv-03232, Dkt. No. 9; Case No. 2:14-cv-03239, Dkt. No. 15; Case No. 2:14-cv-03235, Dkt. No. 17) are GRANTED.

**A. Background**

Each of these cases was originally filed in California state court against Defendants Pfizer, Inc. ("Pfizer") and McKesson Corp. ("McKesson"). Plaintiffs allege that Lipitor caused them to develop Type II diabetes and that, among other things, Defendants did not properly disclose the risks associated with Lipitor. Defendants removed these actions to federal district courts in California, asserting (1) diversity jurisdiction and (2) federal jurisdiction under the Class Action Fairness Act of 2005 (CAFA). While complete diversity is lacking on the face of the Complaints, Pfizer contends that (a) McKesson was fraudulently joined and should be disregarded for the purposes of determining whether diversity jurisdiction exists and (b) that non-California Plaintiffs are fraudulently misjoined and that their claims should be severed.

After removal, these cases were transferred to this MDL by the JPML, and Plaintiffs' filed motions to remand.  In addition to lack of subject matter jurisdiction, Plaintiffs also argue that the Court should remand the cases to California federal courts in accordance with CAFA.

The Court referred all but one these motions to remand to the Magistrate Judge. (Dkt. Nos. 528, 601, 665, 884).  In the one unreferred motion, the parties agreed to adopt briefing from a prior motion to remand referred to Judge Marchant. (Dkt. No. 909).  The Magistrate Judge issued orders granting the motions to remand and ordering that these actions be transferred to the federal district courts in California from which they came. (Dkt. Nos. 737, 1038).  However, because it has not been definitively established whether an order of remand is dispositive such that it must be ruled on by a District Judge absent consent of the parties, Judge Marchant ordered that the parties were allowed to file objections to the order of remand and that if any objections were filed, the case be forwarded to this Court for de novo review and final disposition.  (*Id.*).  Defendants filed objections, Plaintiffs responded, and the parties have filed several notices of supplemental authority and additional briefing. (*See* Dkt. Nos. 755, 796, 829, 845, 867, 889, 894, 1082, 1172, 1194, 1654, 1664, 1673).  This matter is now before the Court for de novo review.

**B. Discussion**

This Court has previously addressed all issues raised by these motions in CMO 87, Dkt. No. 1726.  In CMO 87, the Court found that Defendant McKesson was not fraudulently joined as to the California Plaintiffs, that non-California Plaintiffs were not fraudulently misjoined, and that, therefore, the Court lacked diversity jurisdiction over the California actions at issue.  (*Id.*).  Because the only possible basis for federal jurisdiction was CAFA, the Court suggested to the JPML that the actions be remanded to their transferor court for further proceedings. (*Id.*).

2

The exact same issues are present here, and the parties submit substantially identical briefing on them.[1]  The Court finds no reason that CMO 87 should not apply to the actions at issue here.  Therefore, the Court incorporates CMO 87 by reference and suggests that these cases be remanded to their transferor courts.

**C. Conclusion**

For the reasons stated above and in CMO 87, the Court GRANTS Plaintiffs' Motions to Remand (Dkt. Nos. 524, 593, 661, 909; Case No. 2:14-cv-03232, Dkt. No. 9; Case No. 2:14-cv-03239, Dkt. No. 15; Case No. 2:14-cv-03235, Dkt. No. 17).  The Court finds that it lacks diversity jurisdiction over these actions and that the only possible basis for federal jurisdiction is CAFA.  Therefore, the Court **SUGGESTS** to the JPML that these actions be remanded to their transferor courts for further proceedings.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 28 2016
Charleston, South Carolina

---

[1] Indeed, some of the briefing is literally identical.  (*See* Dkt. Nos. 755, 796, 829, 845, 867, 889, 894).

3